# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR CLARENCE ANDERSON,<br><br>   Plaintiff,<br><br>   v.<br><br>SCOTT KERNAN, et. al,<br><br>   Defendants. | Case No. 1:18-cv-00021-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 12)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Hector Clarence Anderson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On May 24, 2018, the Court screened Plaintiff's fourth amended complaint and granted him leave to amend. (ECF No. 11.) Plaintiff's fifth amended complaint, filed on June 4, 2018, is currently before the Court for screening. (ECF No. 12.)

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1

from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at the Sierra Conservation Center ("SCC"), in Jamestown, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Scott Kernan, Secretary of California Department of Corrections and Rehabilitation ("CDCR"); (2) Ralph Diaz, Undersecretary of CDCR; (3) Joel Martinez, Warden of SCC (Ret.); (4) Steve Brown, Vocational Welding ("Voc Weld") Instructor; (5) C. Sedler, Supervisor of Correctional Education; (6) L. Bird, Associate Warden; and (7) H.B. Anglea, Chief Deputy Warden.

Claim 1

In Claim 1, Plaintiff asserts a violation of his right to be free from deliberate indifference. Plaintiff alleges as follows:

> (In desperation) Scott Kernan, et. al., has upon their being informed of a Vocation Instructor's ongoing conduct[;] digressed from dutifully perceiving safety as a core value (a repudiation of "safety culture" [when the whole sees the value of a safe work environment]) per their training, by knowingly implementing a intentionally deficient employee supervision policy/scheme designed contrary to my

2

constitutional right [that proved] so deliberately indifferent towards their awareness of "clear and present danger(s)" such as High temperature/voltage/pressurization, machines moving at amazing speeds, and the substantial risk of further intentional or unsafe acts (to purposely cause injury or damage) to be committed [within] my vocation – concertedly communicated wantonly amongst themselves [via ways unknown] to do such conduct as alleged herein for the purpose of continuing investigation(s) exceeding the scope of their responsibilities and capabilities, thus exasperated a crucial situation into "free reign" and my suffering willful maiming therefrom.

(ECF No. 12 at pp. 5-6.)

Claim 2

In Claim 2, Plaintiff again asserts a violation of his right to be free from deliberate indifference. Plaintiff alleges as follows:

Instructor Brown knew every single aspect and risk involved with metallurgy because he was a "boilerman" for 20 years [,] and as so was deliberately indifferent towards moral harm whereby he intentionally held students under poor lighting conditions forcing everyone to no use our [incompatible] welding facial Personal Protective Equipment (due to PPE's rooted shading) when operating [all] dangerous equipment to purposely cause horrific accidents aside from his other unlawful misconduct which he has been investigated, terminate, and arrested, tried, and convicted of, and caused me to suffer willful maiming.

(ECF No. 12 at p. 6.) Plaintiff seeks compensatory and punitive damages.

**III. Discussion**

**A. Federal Rule of Civil Procedure 8**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8. Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's amended complaint is short, but not a plain statement of his claims. Plaintiff's amended complaint lacks clear factual allegations, and the Court cannot determine what happened, when it happened or who was involved. Plaintiff's amended complaint fails to include sufficient

3

factual allegations to state a claim that is plausible on its face.

**B. Supervisor Liability**

As best the Court can determine, Plaintiff's complaint is attempting to allege that Defendants Kernan, Diaz, Martinez, Sedler, Bird, and Anglea failed to properly train and supervise Defendant Brown.

In general, Plaintiff may not hold a defendant liable solely based upon their supervisory positions. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

Supervisory liability may exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970). To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. See, e.g., City of Canton v. Harris, 489 U.S. 378, 385 (1989); OSU Student Alliance v. Ray, 699 F.3d 1053, 1076 (9th Cir. 2012) ("§1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which" causes a constitutional deprivation.)

Plaintiff does not allege that these supervisory defendants personally participated in any constitutional violation. Further, Plaintiff fails to identify any specific policy sufficient to impose

4

liability against the supervisory defendants. As with his prior amended complaint, Plaintiff's conclusory allegations are insufficient. There is no indication that these officials were responsible for any injury suffered by Plaintiff.

**C. Failure to Train/Failure to Supervise**

A "failure to train" or "failure to supervise" theory can be the basis for a supervisor's liability under § 1983 in only limited circumstances, such as where the failure amounts to deliberate indifference. See Canton, 489 U.S. at 387-90. To establish a failure-to-train/supervise claim, a plaintiff must show that "'in light of the duties assigned to specific officers or employees, the need for more or different training [or supervision] [was] obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers ...can reasonably be said to have been deliberately indifferent to the need.'" Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting Canton, 489 U.S. at 390).

Ordinarily, a single constitutional violation by an untrained employee is insufficient to demonstrate deliberate indifference for purposes of failure to train. Connick v. Thompson, 563 U.S. 51, 62 (2011). Instead, a plaintiff must usually demonstrate "[a] pattern of similar constitutional violations by untrained employees" unless the need for training is "so obvious" and "so likely to result in the violation of constitutional rights," that "the failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury." Canton, 489 U.S. at 390.

Plaintiff's allegations against the supervisory defendants are simply that Defendant Brown was given "free reign." As with his prior amended complaint, these allegations are too vague and broad to state a failure-to-train/failure-to-supervise claim. Plaintiff's statements that defendants repudiated a culture of safety are insufficient. Further, Plaintiff has not adequately alleged a pattern of misconduct or an obvious need for training that was ignored.

**D. Deliberate Indifference to Unsafe Prison Conditions**

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998). The deliberate indifference

5

standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious...." Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know [ ] of and disregard[ ] an excessive risk to inmate health or safety...." Id. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837–45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835.

Here, Plaintiff's amended complaint fails to state a conditions of confinement claim in violation of the Eighth Amendment. Plaintiff alleges that poor lighting conditions led to the failure of individuals to use their facial personal protective equipment. However, Plaintiff fails to adequately allege that Defendant Brown knew of any risk from the poor lighting or that individuals elected not to use their protective equipment. There also is no indication that Defendant Brown precluded any individual, including Plaintiff, from using the facial protective equipment. Critically, Plaintiff's complaint fails to include factual allegations indicating what happened, when it happened or who was involved. Although Plaintiff contends that he suffered a "willful maiming," he does not include any facts to establish liability against any of the named defendants.

Further, negligently ignoring a safety hazard falls short of the "deliberate indifference" required to establish a constitutional violation, unless the defendant's conduct exacerbated an existing danger in some manner. See, e.g., Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir.1985); Osolinski v. Kane, 92 F.3d 934 (9th Cir.1996) (defendants entitled to qualified immunity against prisoner's Eighth Amendment claim stemming from second degree burns suffered when oven door fell off its hinges and burned his arms. Plaintiff has been unable to cure the deficiencies of this claim.

**E. Conspiracy**

Although not entirely clear, it appears that Plaintiff is attempting to allege that the supervisory defendants conspired to violate his rights, claiming that they "concertedly communicated wantonly amongst themselves. . . to do such conduct as alleged herein." (ECF No.

12 at p. 6.)

A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage. Gilbrook v. City of Westminster, 177 F.3d 839, 856 (9th Cir. 1999). "Conspiracy is not itself a constitutional tort under § 1983," and it "does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." Lacey v. Maricopa Cty., 693 F.3d 896, 935 (9th Cir. 2012) (en banc). For a section 1983 conspiracy claim, "an agreement or meeting of minds to violate [the plaintiff's] constitutional rights must be shown." Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989).

Plaintiff's conspiracy claim, if any, lacks specificity. Plaintiff's suggestion of conspiracy is speculative as he presents no facts to show a meeting of the minds to violate his constitutional rights. Merely alleging that defendants "communicated" is not sufficient to demonstrate an agreement to violate his constitutional rights.

### IV. Conclusion and Recommendation

Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails state a cognizable claim for relief. Despite being provided with the legal standards applicable to his claims, Plaintiff has been unable to cure the deficiencies in his amended complaint. Thus, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Further, the Court HEREBY RECOMMENDS that this action be dismissed for Plaintiff's failure to state a claim upon which relief may granted pursuant to 28 U.S.C. § 1915A.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 25, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE