# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR CLARENCE ANDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>KERNAN, *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-00021-LJO-BAM (PC)<br><br>ORDER DENYING MOTION TO REOPEN TIME TO FILE APPEAL<br><br>(ECF. No. 25) |

Plaintiff Hector Clarence Anderson ("Plaintiff"), a state prisoner, proceeded *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. On August 10, 2018, the Court dismissed this action, with prejudice, due to Plaintiff's failure to state a claim. (ECF No. 15.) Judgment was entered accordingly the same date. (ECF No. 16.)

On October 11, 2018, Plaintiff filed a motion for certificate of appealability pursuant to Federal Rule of Appellate Procedure 22(b). (ECF No. 17.) The Court denied the motion, explaining to Plaintiff that a certificate of appealability was not needed in a civil rights action such as this one, and the motion was processed to the United States Court of Appeals for the Ninth Circuit as a notice of appeal. (ECF Nos. 19, 21.) That appeal was dismissed by the Ninth Circuit on February 26, 2019, for lack of jurisdiction. (ECF No. 24.)

///
///

1

Thereafter, on May 20, 2019, Plaintiff filed a motion to reopen the time to file an appeal.[1] (ECF No. 25.) In his motion, Plaintiff states that his notice of appeal is late because he had no idea what was going wrong, and now it is more of a fair fight because he has Boston and Manville's Prisoners' Self-Help Litigation Manual. Plaintiff further states that his current institution, and CDCR in general, are "insane" due to CDCR policies that are leading to SBI injuries and GBI injuries sustained from inmate related assault and use of force by correctional officers. Plaintiff argues that he has therefore presented a reasonable explanation as to why his notice of appeal was behind schedule. (Id.) Plaintiff does not state when he received the Court's entry of judgment in this action.

As Plaintiff was informed by the Ninth Circuit, a notice of appeal must be filed within thirty days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). Notices of appeal filed by inmates confined in an institution are considered timely if deposited in the institution's internal mail system on or before the last day for filing. Fed. R. App. P. 4(c). Combined with the prison mailbox rule, Fed. R. Civ. P. 6(d), any appeal of the Court's August 10, 2018, judgment was due on or before September 12, 2019.

The Court may reopen the time to file an appeal "for a period of 14 days after the date when its order to reopen is entered" pursuant to Federal Rule of Appellate Procedure 4(a)(6), but only if all of the following conditions are satisfied: (1) the Court must find that the moving party did not receive notice of the entry of the judgment within 21 days after entry; (2) the motion is filed within 180 days after the judgment is entered or within 14 days after the moving party receives notice of the entry, whichever is earlier; and (3) the Court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6).

Despite the filing of multiple notices of appeal and post-judgment motions in this action, Plaintiff has never stated that he did not receive notice within 21 days of the August 10, 2018

---

[1] Plaintiff also filed a second notice of appeal with respect to the Court's final judgment in this action. (ECF No. 26.) This appeal was dismissed by the Ninth Circuit on June 27, 2019, again for lack of jurisdiction. (ECF No. 29.) As explained in that order, Plaintiff failed to file or deliver the notice of appeal to prison officials within 30 days after this Court's entry of judgment, which duplicated Plaintiff's earlier dismissed appeal. (Id.)

entry of the judgment in this action.  Even assuming Plaintiff received notice of the entry of judgment after 21 days from entry, it appears from the record that notice was received at least as early as September 30, 2018, the date Plaintiff signed his motion for certificate of appealability. (ECF No. 17.)  Therefore, any motion to reopen the time to file an appeal of the entry of judgment in this action would have been due no later than October 15, 2018.

Assuming further that Plaintiff never received notice of the entry of judgment, despite becoming aware that this action had been closed, his motion to reopen the time to file an appeal would have been due no later than February 6, 2019, well before the May 20, 2019 filing of the instant motion.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to reopen the time to file a notice of appeal, (ECF No. 25), is DENIED.

IT IS SO ORDERED.

Dated: **December 1, 2019**         /s/ Lawrence J. O'Neill
                                    UNITED STATES CHIEF DISTRICT JUDGE